The motion to vacate the order of May 8, 1911, for the judgment debtor's examination, is therefore denied, with $10 costs, and he is directed, in continuance of such order, to appear for examination at a time and place to be specified in the order to be entered hereon.

Settle order on notice.

---

### CONSOLIDATED AGENCY CO. v. TOWNSLEY.

(Supreme Court, Special Term, New York County.  May, 1911.)

EXECUTION (§ 392*)—SUPPLEMENTARY PROCEEDING—EXAMINATION—ORDERS— ENTRY.

In proceedings supplementary to execution, where an order for the examination of the debtor was dismissed, with the indorsement, "The judgment creditor having been duly called and not appearing, its default is noted, and the within proceeding is dismissed," the debtor cannot object to the present order for his examination, on the ground that no order was made upon the former decision; for, under Code Civ. Proc. § 767, such an indorsement is an order, and, if the entry thereof is required, it is the duty of the successful party to make it.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 392.*]

In the matter of proceedings supplementary to execution by the Consolidated Agency Company against Henry P. Townsley.  On defendant's motion to vacate an order.  Motion denied.

Harry N. Salvage, for the motion.

Joseph G. Fenster, opposed.

GIEGERICH, J.  The former order in proceedings supplementary to execution bears the indorsement that:

"The judgment creditor having been duly called on April 4, 1911, and not appearing, its default is hereby noted, and the within proceeding dismissed."

It was held by the Appellate Term in McAlpin v. Stoddard, 54 Misc. Rep. 647, 105 N. Y. Supp. 9, that such an indorsement constituted an order as defined by section 767 of the Code of Civil Procedure, and that, if entry thereof is required, it is the duty of the judgment debtor to enter the order.  The point urged by the latter that no order was made upon such decision is, therefore, not well taken, and the motion to vacate the present order for the debtor's examination is therefore denied, with $10 costs, and he is directed to submit to examination at a time and place to be designated in the order to be entered hereon.

Settle order on notice.

---

### In re HOAG et al.

(Supreme Court, Appellate Division, Third Department.  May 16, 1911.)

COUNTIES (§ 45*)—TOWNS (§ 28*)—OFFICERS—REMOVAL—SUPERVISOR—TOWN CLERK.

The county of Rensselaer, under Laws 1894, c. 557, as amended by Laws 1896, c. 679, has a commissioner of jurors, who is required to make

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

up the jury lists, and is not required to obtain information from the supervisor or the town clerk, nor is it part of his duty to ask such officers to furnish him a list of jurors, nor their official duty to furnish such list; and hence their action with reference thereto is not a matter for which they can be removed.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 45;* Towns, Dec. Dig. § 28.*]

Application by Alvin T. Hoag and others for the removal of Edward McGraw from the office of Supervisor and Lindsley J. Welling from the office of Town Clerk. Application denied.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

McChesney & Gillet, for applicants.
Lewis E. Griffith, for respondent McGraw.
Irwin Esmond, for defendant Welling.

PER CURIAM. The petition presents formal charges upon information and belief. The sources of the information and grounds of belief are not stated, and it is probable that the petitioners have no personal knowledge of the facts alleged. The answering affidavits put in issue directly by the actors the allegations of the complaint. The charge that the supervisor improperly caused to be audited the account of one Marshall is fully answered, and the evidence produced is so overwhelming that the charge made upon information and belief has but very little force, and the court does not feel called upon to send the matter to a reference. The Marshall account was a matter of public record, well understood in the town, and had in fact been audited by a previous board, and it is evident that the present supervisor had no greater part in its audit and payment than the other members of the board, and that each acted upon the former audit and the known facts of the case.

The allegation upon information and belief that the supervisor and the town clerk improperly and as a matter of conspiracy left off from the jury list certain names recommended to them by the assessors is fully met by positive allegations in the answering affidavits, and it is for the purposes of this motion quite immaterial whether the alleged names were or were not omitted by the supervisor and the town clerk for improper reasons. The county of Rensselaer, under chapter 557 of the Laws of 1894, as amended by chapter 679 of the Laws of 1896, has a commissioner of jurors, and he is required to make up the jury lists, and is not required to obtain information from the supervisor, the town clerk, or the assessors, and in that county it was not a part of his official duty to ask the town officers to furnish him a list of jurors, nor was it their official duty to furnish such list, and their action with reference thereto is not, therefore, a matter for which they can be removed.

The court is satisfied from the entire record that the interests of the town or the public do not require a reference, and there is no

competent evidence before the court, in the face of the answers, which requires further investigation.

The application is therefore denied, with $50 costs and disbursements against the petitioners. All concur; BETTS, J., in result.

---

## SMITH v. COLUMBIA INS. CO.

(Supreme Court, Appellate Division, Third Department.   May 3, 1911.)

1. INSURANCE (§ 390*)—MISREPRESENTATION BY INSURED—EFFECT.
   A fire insurance company is liable for loss pending expiration of the 10 days' notice of cancellation of a policy, even if the policy was obtained by misrepresentation, where the company did not seek to rescind immediately on discovering the fraud.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 390.*]

2. WITNESSES (§ 268*)—CROSS-EXAMINATION—SCOPE.
   On cross-examining one claimed by plaintiff to have been defendant's agent, plaintiff could ask him if he did not tell plaintiff that he was acting for defendant; such statement being part of a conversation testified to, and not offered or received to prove agency.
   [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 268.*]

Appeal from Trial Term, ·Albany County.

Action by Michael T. Smith against the Columbia Insurance Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Robert E. Whalen, for appellant.

Walter H. Wertime, for respondent.

PER CURIAM.   Whether Soden was defendant's agent or not, the defendant adopted his act in binding it to insurance in signing as agent of defendant the application of January 19, 1909.

[1] There was no express warranty of type or cost of the automobile on the part of the plaintiff, and the answer alleges only misrepresentation and deceit respecting these matters.   Such representations in the application the defendant realized could not be true, ·and so stated, but voluntarily took the risk of issuing a policy for the amount of $2,500 until further information could be obtained.   When further information was obtained, the defendant did not offer to surrender the policy, because it had been procured by fraud, but treated it as a valid one, giving the 10 days' notice of cancellation stipulated in the policy. The fire occurred before that notice expired.

[2] It was not error to permit the plaintiff to ask Soden, on cross-examination, if he did not tell the plaintiff that he was acting for the company.   It was part of the conversation had, and was not received for the purpose of showing agency, and the court instructed the jury that it did not prove that fact.

The judgment and order should be affirmed, with costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes